**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

HARBOR VISTA DEVELOPMENT
GROUP, INC.,

    Plaintiff,

v.                                                         Case No. 5:23-cv-190-TJC-PRL

ASHLEY NICOLE DIXON,

    Defendant.

## O R D E R

This case is before the Court on Plaintiff Harbor Vista Development Group's Motion to Remand. (Doc. 4). The time for pro se Defendant Ashley Nicole Dixon to respond has passed. Dixon removed this case from state court, alleging various bases of jurisdiction. (Doc. 1 at 3). Dixon cites 28 U.S.C. § 1332 (diversity jurisdiction), § 1441 (removal of civil actions), § 1446 (procedure for removing civil actions), § 1453 (removal of class actions), and Federal Rule of Civil Procedure 11 (representations to the court and sanctions). (Doc. 1 at 1). Dixon also states "[t]his action as [sic] removal is saught [sic] to be under FRCP Rule 42.[1] The core of the federal civil action also attacks the problem of state courts [sic] routine but illegal denial of a recognized due process of law, thus

---

[1] The Court is unsure how Federal Rule of Civil Procedure 42 relates to this case because Rule 42 regards the consolidation of civil actions.

presenting a ripe FEDERAL QUESTION concerning an unfair application of state law." (Doc. 1 at 3).

Under § 1441(a), state court cases may be removed to federal court if the federal court would have original jurisdiction over the case. Section 1331, one basis of federal jurisdiction, often referred to as federal question jurisdiction, states:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Removal based on § 1331 is proper when a complaint in state court alleges either a federal claim or a state law claim that necessarily raises a stated federal issue, "actually disputed and substantial[.]" Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). In most cases, federal claims "are those in which federal law creates the cause of action." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986). Here, that the case was removed under the federal removal statute does not necessarily mean that federal question jurisdiction is present; the Court must instead look only to what is alleged in the complaint. See id. at 806 n.2. In the complaint, Plaintiff brings one count against Dixon for eviction for nonpayment of rent. (Doc. 3-1). The complaint does not contain a federal claim. Summerhill Partners LLC v. Grimes, No. 6:17-cv-288-ORL-37GJK, 2017 WL 9398651, at *2 (M.D. Fla. Feb. 22, 2017), report and recommendation adopted, No. 6:17-cv-288-ORL-

2

37GJK, 2017 WL 991478 (M.D. Fla. Mar. 15, 2017) ("The eviction process for failure to pay rent is governed by the law of the state of Florida.") (citation omitted). Further, Dixon offers no allegations indicating that Plaintiff's complaint raises a disputed and substantial federal issue.[2]

Additionally, the Court does not have jurisdiction under 28 U.S.C. § 1332. Section 1332, also known as diversity jurisdiction, is only appropriate when (1) parties are diverse (meaning the plaintiff and the defendant are citizens of different states) and (2) the amount in controversy exceeds $75,000. Here, Dixon offers no evidence of the parties' citizenships or the amount in controversy. Diversity jurisdiction is not appropriate here. Further, removal was also improper under 28 U.S.C. § 1453 and Rule 11 because this is not a class action case and Rule 11 does not provide a basis for removal or jurisdiction. The Court does not have jurisdiction over this case. Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 4) is **GRANTED**.

2. The case is **REMANDED** to the County Court of the Fifth Judicial Circuit in and for Lake County, Florida.

---

[2] Dixon offers allegations in the Notice of Removal that Dixon was not afforded due process of law under the United States Constitution, but these allegations are outside the complaint. (Doc. 1). The complaint itself does not raise these federal issues.

3. After remand has been effected, the Clerk should terminate any pending motions or deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 15th day of May, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record

Clerk, County Court, Fifth Judicial Circuit, Lake County

Pro se Defendant
Ashley Nicole Dixon
32423 Quiet Harbour Ave #204
Leesburg, FL 34788

4